**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3118
_____

ERIC JASON WATSON,
                                                            Appellant

v.

DEPUTY CODY REESE; PROBATION OFFICER KEN STAHL;
BEAVER COUNTY; SGT. THOMAS SHANE;
DEPUTY MICHAEL KNUPFER; DEPUTY TYLER URSIDA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00630)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: June 24, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Eric Watson appeals *pro se* and *in forma pauperis* from the District Court's order dismissing his second amended complaint with prejudice. We will affirm.

I.

Watson's lawsuit stems from his interactions with officials in Beaver County, Pennsylvania. On August 23, 2022, Watson met with a representative of the Behavioral Health Department on the second floor of the county's Human Services Building ("the building") to discuss certain grievances. Unsatisfied with the answers he got, he asked to speak with someone else. Two sheriff's deputies arrived soon thereafter in response to a call about a disturbance and asked Watson to leave and not come back that day. On his way out, Watson said whoever had made the call was a "fucking asshole." Although the deputies' incident report characterized the episode as a "public nuisance," they did not charge Watson with any crime. The Sheriff's Office subsequently circulated his picture and instructed its officers, who provide security for the facility, that the only part of the building Watson was permitted to access without an escort was behavioral services on the first floor.

Watson alleges that he was attempting to photograph historic structures near the building's parking lot three days after his removal when Probation Officer Ken Stahl confronted him to find out what he was doing. Watson said that he was not breaking the law and asked Stahl to stop following him down the block. Stahl persisted, so Watson entered the building, explained the situation to Sheriff's Deputy Cody Reese, and asked

2

for help.  Stahl arrived a moment later and said he had called the police.  Both officers instructed Watson not to leave the lobby.  Beaver Falls police officers arrested Watson a short time later and charged him with public intoxication; he was acquitted.

In May 2024, Watson filed a complaint under 42 U.S.C. § 1983 against Beaver County, Stahl, Reese, and a few other law enforcement officers ("Defendants" or "Appellees").  The United States District Court for the Western District of Pennsylvania screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it without prejudice for a variety of reasons.  Watson twice amended his pleadings with the court's leave, ultimately asserting violations of his First, Fourth, and Fourteenth Amendment rights, alongside claims for false imprisonment and intentional infliction of emotional distress (IIED) under Pennsylvania law.  The District Court granted Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Watson appeals.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the dismissal of Watson's second amended complaint under Rule 12(b)(6) *de novo*, accepting as true his

---

[1] Watson also has filed a motion to vacate the judgment for fraud upon the court, in which he contends that the District Court's opinion is tainted by artificial intelligence and is "technically nonexistent." *See* C.A. Doc. 17 at 2-3.  Appellees oppose that motion, and Watson now seeks to strike their response because it was four days late.  Appellees seek leave to file their response out of time.

factual allegations and drawing all reasonable inferences in his favor. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014).

III.

Watson challenges the District Court's analysis on several grounds. None is persuasive. Watson's brief detention and subsequent arrest were supported by probable cause of public intoxication, which is undisputed on the face of his pleadings. We thus affirm the dismissal of his Fourth Amendment claim pursuant to the "any-crime rule." *See Wexler v. Hawkins*, 173 F.4th 478, 483 (3d Cir. 2026) (citing *Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024)); *see also Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005) (explaining that "it is irrelevant to the probable cause analysis . . . whether a person is later acquitted of the crime for which she or he was arrested"), *abrogated on other grounds by Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024).

Watson's public intoxication, viewed in conjunction with his disruptive behavior at the building three days earlier, also are intervening factors that break the causal chain undergirding his First Amendment claims. *See Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (explaining that retaliation claims require proof of, *inter alia*, "a causal link between the constitutionally protected conduct and the retaliatory action"). He highlights his complaints against the Department, but it is not plausible that Appellees limited his access to the Human Services Building simply in retaliation "for his successful advocacy." *See* ECF Doc. 31 ¶ 73. Watson plainly was permitted to enter the

4

building and reach its upper floors despite successfully complaining about the Department that summer; indeed, he met with Department employees on the second floor without an escort on August 23. Appellees limited that privilege only after he availed himself of it and caused a disturbance, prompting Department staff to call security. By his own admission, Watson audibly referred to the complainant using a double expletive while being escorted out, for which he was labeled a "public nuisance." Appellees thus had good reason to place some limits on his access to the building and Department employees other than those in behavioral services, and they did not need to provide Watson notice or a hearing before doing so because the restrictions did not implicate a protected liberty interest. *See Williams v. Town of Greenburgh*, 535 F.3d 71, 74-76 (2d Cir. 2008) (holding that a municipality's decision to limit an individual who engaged in improper behavior from accessing certain facilities without advance warning did not violate the Due Process Clause). Appellees' actions in that regard offended neither the First nor the Fourteenth Amendments.

To the extent Watson maintains that Stahl and Reese independently violated the First Amendment by restraining his photography, we note that Watson was just as free to take photographs in public as Stahl was to ask him what he was doing. *See Fields v. City of Phila.*, 862 F.3d 353, 360 (3d Cir. 2017); *United States v. Crandell*, 554 F.3d 79, 84 (3d Cir. 2009) (citing *Florida v. Bostick*, 501 U.S. 429, 434 (1991)). Stahl did not restrain Watson's liberty through physical force or show of authority. Watson's recent behavior inside the Human Services Building may have colored Stahl's perception of his

5

otherwise innocuous conduct on a public sidewalk that morning, but any restraint on Watson's photography was incidental to his lawful detention for public intoxication.

The remaining claims fail for the reasons stated by the District Court. Beaver County cannot be held vicariously liable under Section 1983 without an underlying constitutional violation attributable to its employees. *See Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989) (citations omitted). Watson's lawful detention defeats his allegation of false imprisonment under Pennsylvania law. *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). And neither Stahl nor Reese could be found liable for IIED unless he engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Davis v. Wigen*, 82 F.4th 204, 216 (3d Cir. 2023) (quoting *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998)). As far as Watson describes it, they did not. Because further leave to amend would have been futile, dismissal with prejudice was appropriate. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] We grant Appellees' motion for leave to file their response to Watson's motion to vacate out of time, and we deny Watson's request to strike their response on timeliness grounds because he was not prejudiced by the belated filing. We also deny Watson's motion to vacate, which baldly contends that his case was decided by artificial intelligence. Watson may disagree with the District Court's analysis, but that does not render it "fraudulent."